Thompson, J.
The policy declares the insurance to be upon the freight of goods, laden on board the schooner Mary, on a voyage from Jeremie to New- York. is a plain contract, without any ambiguity; and the only question is, whether the plaintiff has shown aninterest in the subject insured. Though the policy may not be adapted to the real truth of the case, we must confine our-se! "Wi to it in determining what is the subject insured. It is a good general rule to require this to be clearly and plainly expressed upon the face of the policy, so that the underwriter may be apprized of what he insures. It is extremely easy for the assured to specify his particular interest, and it would be unreasonable to allow him to avail himself, under a general expression, of a concealed ■particular interest, contrary to custom and usage. Hence it has been decided in the English courts, (3 Burr. 1401.) and the same principle is recognised in this court, that a respondentia and bottomry interest cannot be covered by 4 general insurance on goods. (Robertson v. United Insurance Company, January Term, 1801.) Considering this as an insurance on freight, the plaintiff had no interest in it. He was not owner of the vessel, but had hired her for the voyage, and had agreed to pay a certain sum for the freight, on the delivery of the cargo. The plaintiff was owner of the cargo, and the charter party was a mere covenant to carry the goods. The plaintiff instead of receiving the freight, was to pay it on the delivery of *352 the cargo. As the cargo was not delivered, owing to the perj]S) no freight was ever due from him, and of course, he has sustained no loss. This must be considered a general insurance on freight, and nota particular insuranee on freight earned.
It was suggested that there was some mistake in describing the interest intended to be insured; but we cannot listen to any such suggestions. The contract is, of itself, clear and explicit; and if any mistake has been made, it is not to be corrected here.
No risk having been' run, the plaintiff is entitled to a return of premium. He must, accordingly, have judgmerit for the amount of the premium, with interest from the time of demanding it.
Kent, €h. J. was of the same opinion.
Spencer, J. not having heard the argument, gave no opinion.
Judgment for the plaintiff, for the premium, with interest.